E-Filed 10/15/15

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRESSANI CONSTRUCTION INC.,
Plaintiff,

v.

CANYON BUILDING & DESIGN, LLC, et al.,
Defendants.

Case No. 15-cv-03539-HRL

**ORDER GRANTING DEFENDANTS' MOTION TO EXPUNGE LIS PENDENS**

Re: Dkt. No. 11

Bressani Construction Inc. ("Bressani") sues Canyon Building & Design, LLC with claims for breach of contract, quantum meruit, account stated, and the reasonable value of work, labor, and services. Bressani sues codefendant Education Capital Solutions, LLC for foreclosure of a mechanic's lien, account stated, and the reasonable value of work, labor, and services. The parties have consented to magistrate jurisdiction.

Bressani brought this case in state court and then, after a few months, recorded a lis pendens and served the defendants. Defendants filed a notice of removal, Dkt. No. 1, and then moved this court under California Code of Civil Procedure § 405.30 to expunge Bressani's lis pendens. Dkt. No. 11 at 3. Defendants argue Bressani's lis pendens should be expunged because it has not been filed with any court and it was recorded late. *Id.* Defendants also request an award of attorney fees and costs. Bressani responds that Defendants' motion is untimely, that Defendants have not raised any of the four valid reasons that might justify expungement, and that any technical legal errors should be forgiven because Bressani has provided actual notice to Defendants. Dkt. No. 22 at 3-5. Bressani also requests leave to record a new lis pendens in the event of expungement. Cal. Code Civ. P. § 405.36.

The court has read the parties' briefs and has considered the governing law. The hearing

United States District Court
Northern District of California

United States District Court
Northern District of California

on this motion set for October 20, 2015 is vacated. The motion to expunge lis pendens is granted. The court grants Bressani leave to record a new lis pendens.

**Discussion**

State law governs the validity of a lis pendens. 28 USC § 1964. A valid lis pendens provides constructive notice that a pending case might affect an interest in real property. *BGJ Associates, LLC v. Superior Court*, 75 Cal. App. 4th 952, 966 (1999). A lis pendens is "void and invalid" if the requirements of California's Code of Civil Procedure § 405.22 are not met by the claimant. Cal. Code Civ. P. § 405.23. A claimant is required to "[i]mmediately" file a copy of a newly recorded lis pendens with the court in which the case is pending. Cal. Code Civ. P. § 405.22. California's statutes do not explicitly provide for expungement of a "void and invalid" lis pendens, but expungement is nevertheless a proper remedy because a title to real property should not be clouded by void notices that lack legal effect. *McKnight v. Superior Court*, 170 Cal. App. 3d 291, 303 (1985); Cal. Code Civ. P. § 405.30, Code Comment 2 (citing *McKnight*, *supra*). The claimant has the burden to prove the lis pendens should not be expunged. Cal. Code Civ. P. § 405.30.

Bressani argues Defendants, in violation of Local Rule 7-2, did not file their moving papers at least 35 days prior to the date they initially noticed for the hearing on this motion. Defendants timely filed their moving papers 36 days prior to the hearing that was originally noticed for October 6, 2015. Dkt. No. 11. The court rejects Bressani's timeliness argument.

Bressani relies on *Carr v. Rosien et al.*, 238 Cal. App. 4th 845, 857 (2015), to argue that Defendants have not raised any of the "only grounds" that might justify an expungement: (1) the pleading contains no real-property claim, (2) the claimant has not established the validity of the real-property claim, (3) an undertaking could secure adequate relief for the claimant, and (4) the claimant fails to comply with the mailing requirements in § 405.22. Dkt. No. 11 at 4. Bressani misreads *Carr*—that court did not purport to provide an exclusive list of every situation that might justify expungement. *Carr*, *supra*. Rather, *Carr* held that a lis pendens automatically becomes void of legal force when a claimant fails to follow § 405.22, even if that lis pendens has not yet

been expunged. *Id.* Furthermore, *Carr* cited and relied upon *McKnight v. Superior Court*, 170 Cal. App. 3d at 303, which established that expungement is proper when a lis pendens becomes "void and invalid" due to a claimant's noncompliance with statutory requirements. Bressani failed to follow § 405.22 when Bressani recorded the lis pendens and then did not "[i]mmediately" file a copy with the state court. The failure rendered the lis pendens void and expungement is the proper remedy. *See also* Cal. Code Civ. P. § 405.30, Code Comment 2 (citing *McKnight*, *supra*).

Bressani's third argument does not change the court's conclusion. Bressani cites *Biddle v. Superior Court*, 170 Cal. App. 3d 135, 137 (1985), for the proposition that technical legal errors cannot justify expungement when the claimant has substantially complied with the law by providing opposing parties with actual notice. The court disagrees. *Biddle* held only that a defendant may waive the right to raise a technical defect if the defendant waits over a year to assert the technical defect justifies expungement. *Biddle*, 170 Cal. App. 3d at 138; Cal. Code Civ. P. § 405.23, Code Comment (clarifying that the modern statutory regime does not "disapprove" of *Biddle*'s "principles of waiver"). Here, Defendants did not through inaction waive the right to raise technical defects; instead, they promptly moved for expungement.

The court's preceding analysis renders Defendants' second argument about the timeliness of Bressani's recordation moot. The court shall not address the moot argument.

Finally, the court addresses statutory attorney's fees and costs. A court "shall direct that the party prevailing on [a motion to expunge under § 405.30] be awarded the reasonable attorney's fees and costs of making or opposing the motion unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust." Cal. Code Civ. P. § 405.38. It would be unjust to impose attorney's fees and costs against Bressani—Defendants received actual notice of the lis pendens, Defendants have not disputed the substantive validity of the real-property claim related to the lis pendens, and Defendants were not prejudiced by the technical defect that voided the lis pendens.

**Conclusion**

The motion to expunge is granted. The court does not award the fees and costs of making

this motion to Defendants. Bressani may record a new lis pendens.

**IT IS SO ORDERED.**

Dated: 10/15/15

HOWARD R. LLOYD
United States Magistrate Judge

United States District Court
Northern District of California